# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6782 | **DATE** | 3/12/2001 |
| **CASE TITLE** | McCook Metals vs. Alcoa, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Alcoa's FRCP 12(B)(1) motion to dismiss [12-1] is granted. McCook's complaint is dismissed. Alcoa's FRCP 12(B)(6) motion to dismiss [4-1] is denied as moot. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



MAR 1 3 2001

McCOOK METALS L.L.C., )
an Illinois Limited Liability Company, )
                                 )       Judge Wayne R. Andersen
                Plaintiff, )
                                 )       No. 00 C 6782
      v. )
                                 )
ALCOA INC., )                           MAR 1 3 2001
a Pennsylvania Corporation, )
                                 )
               Defendant. )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Motion to Dismiss brought by Alcoa, Incorporated. Alcoa argues that, because no actual case or controversy exists, we lack jurisdiction. We agree and grant Alcoa's Motion to Dismiss.

## BACKGROUND

McCook Metals filed a six Count Complaint requesting a declaratory judgment. For the purpose of the instant motion, we accept all of the allegations in the Complaint as true. McCook and Alcoa are competitors who both manufacturer cast aluminum alloy plate and sheet products for the aeronautic and aerospace industries. Both entities manufacture and sell airplane wingskins. Wingskins are aluminum alloy plates that serve as the exterior surface of airplane wings.

McCook has been manufacturing wingskins as a subcontractor for the Boeing Corporation for use on the United States' Air Force C-17 transport jet since 1990. McCook was awarded a "life of the program" subcontract for the 120 aircraft that the Air Force would ultimately purchase under this program. McCook alleges that the "life of the program" contract means that McCook

20

is to be the exclusive supplier of upper wingskins to Boeing for the "duration of the C-17 procurement program."

McCook alleges that Boeing is contemplating the production of an additional sixty C-17 aircraft. These aircraft are either to be sold to the United States' Air Force, foreign governments or domestic commercial customers. McCook alleges that production will not commence before November 1, 2001 and that, if McCook were to receive the subcontract, its production would not commence until the expiration of its existing subcontract in 2003.

McCook alleges that Alcoa has threatened that, if Boeing chose to award the subcontract for the sixty additional aircraft to McCook, it would bring a patent infringement suit against Boeing. As a result, Boeing has entered into a Memorandum of Understanding ("MOU") with Alcoa for the supply of the wingskins for the additional sixty aircraft. McCook alleges that its product is superior and that Boeing only chose to sign the MOU because it feared that Alcoa would commence a patent infringement suit.

In Count I, McCook requests a declaratory judgment that United States patents 4,477,292 ("292"), 4,832,758 ("758"), 4,863,528 ("528") and 5,108,520 ("520") are: (1) not infringed by McCook's production of wingskins, (2) invalid, and (3) unenforceable against its method of production of wingskins. Patents '292, '528 and '758 will expire on or about October 16, 2001. In Count II, McCook alleges that Alcoa has tortiously interfered with McCook's contractual relationship with Boeing. In Count III, McCook alleges that Alcoa has tortiously interfered with McCook's current and prospective business relationships with Boeing. In Count IV, McCook alleges that Alcoa's actions constitute common law trade disparagement. In Count V, McCook alleges that Alcoa's bad faith assertion of infringement constitutes a deceptive trade practice under

2

Section 2(8) of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2. Finally in Count VI, McCook alleges that Alcoa's statements and actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). In addition to the declaratory judgment, McCook requests attorneys fees, monetary damages and the entry of a variety of preliminary and permanent injunctions.

## DISCUSSION

When considering a motion to dismiss under 12(b)(1) and 12(b)(6), the Court takes all well pleaded facts as true. Midwest Grinding Company v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A complaint should not be dismissed unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Chaney v. Suburban Bus Division of the Regional Transportation Authority, 52 F.3d 623, 627 (7th Cir. 1995). However, even when construing the complaint in a light most favorable to the plaintiff, one "must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985). To withstand a motion to dismiss, the plaintiff must go beyond "conclusory allegations concerning the legal effect of facts set out in the complaint." Baxter v. Vigo County School Corporation, 26 F.3d 728, 730 (7th Cir. 1994).

We note at the outset our concern of the possibility that this Court could be drawn into negotiations between a buyer and two competing sellers of virtually identical goods. If this lawsuit were to proceed, this plaintiff could delve into the status of the ongoing negotiations between Boeing and other subcontractors and could delve into whether other subcontractors have developed new technology or substantive improvements in design or production. We fear that the pretrial discovery in this suit could permit the plaintiff to gain unfair competitive advantages with respect to the pending contract negotiations and with respect to the legitimately confidential plans of its

3

competitors. We will only hear this case if, after a rigorous analysis, we determine that a ripe case and controversy actually already exists.

In order for this court to have jurisdiction over this case, we must have received a grant of judicial power under Article III of the U.S. Constitution and Congress must have invested this court with jurisdiction. <u>Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 463, 471 (1982); <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 807-08 (1986); <u>Hunter Douglas, Inc. v. Harmonic Design, Inc.</u>, 153 F.3d 1318, 1324 (Fed. Cir. 1998). Article III limits the judicial power to the resolution of "cases" and "controversies." "The constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity 'to adjudge the legal rights of litigants in actual controversies.'" <u>Valley Forge</u>, 454 U.S. at 471. Article III requires that the plaintiff has suffered an "injury in fact" which is fairly traceable to the challenged action of the defendant and is "likely," not "speculative." <u>Id</u>. at 472.

An "injury in fact" is an invasion of a legally-protected interest which is (1) concrete and particularized and (2) actual or imminent and not merely conjectural or hypothetical. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2136 (1992). In suits for declarations of patent rights, a two part test has evolved. There must be both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." <u>BP Chems. Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 978 (Fed. Cir. 1993). We must individually determine whether a controversy exists on a claim by claim basis. <u>Jervis B. Webb Co. v. Southern Sys.,</u>

Inc., 742 F.2d. 1388, 99 (Fed. Cir. 1984). The Federal Circuit has warned us to determine whether the need for judicial attention is "real and immediate." Id. Furthermore, we must test the question of a real case or controversy by reference to the individual facts of each case. Super Sack Manufacturing Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995).

In the instant case, Alcoa admits that McCook can show that there is present activity which could constitute infringement with regard to the first 120 wingskins. Alcoa concentrates on attacking McCook's ability to show that an explicit threat or action has occurred which creates a reasonable apprehension of an infringement suit. Because of the complex nature of plaintiff's allegations, we will divide our analysis between the allegations regarding the currently allocated 120 aircraft and the future 60 aircraft.

Defendant argues that plaintiff cannot harbor a reasonable apprehension of a patent infringement action with respect to the first 120 aircraft because Alcoa is legally barred from suing McCook. Alcoa's only possible action with respect to the aircraft already under construction "shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture." 28 U.S.C. §1498(a). Alcoa cannot sue either McCook or Boeing for patent infringement on work done for the Federal Government. Therefore, McCook cannot reasonably fear that Alcoa will bring a patent infringement suit for the 120 planes already ordered.

McCook argues that, when Alcoa threatened Boeing, it created an actual controversy. However, there is no basis for a lawsuit, either against McCook or Boeing, based on the 120 aircraft built for the Air Force. The cases McCook cites for the argument that a threat of litigation creates an actual controversy do not contemplate a situation in which a lawsuit between the parties

is statutorily barred. <u>Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.</u>, 846 F.2d 731 (Fed. Cir. 1988); <u>Blistex Inc. v. Circle Laboratories, Inc.</u>, 2000 U.S. Dist LEXIS 11749 (N.D.Ill. August 14, 2000)(J. Conlon). We hold that the actual controversy requirement of Article III cannot be satisfied if a lawsuit is statutorily prohibited in such a manner that, as a matter of law, plaintiff cannot reasonably apprehend that an infringement action will be initiated.

McCook alleges that Boeing intends to construct the next 60 aircraft for sale to the United States, foreign governments or domestic commercial customers. McCook also alleges that Alcoa has threatened to bring suit against Boeing. If the second lot of planes is sold to foreign governments or private domestic customers, McCook argues, then 28 U.S.C. §1498 would not apply and McCook could have a reasonable apprehension of a suit. The problem with McCook's argument is that the production of these aircraft is far too speculative at this time. Even assuming all allegations in the Complaint as true, McCook only alleges that "Boeing is currently contemplating the production of an additional sixty (60) C-17 aircraft", "Boeing has asked for and received proposals from McCook for the production of the sixty (60) additional shipsets of wingskins", and "Boeing, however, has also expressed an interest in maintaining the flexibility to sell . . . to foreign government or domestic commercial customers, should the Air Force not need them and/or authorize such sales or leases." There are numerous possible, even probable, outcomes which would not require this Court to rule on any of the issues currently pending. Boeing could decide not to manufacture the aircraft, the Air Force could need all sixty, or the Air Force could refuse to authorize the sales or leases to other entities.

McCook's best argument in favor of jurisdiction is that Boeing has signed a memorandum of understanding with Alcoa for the provision of wingskins for the additional sixty aircraft.

However, McCook makes no allegations about the substance of the MOU. As McCook correctly notes, MOUs can create rights, but an MOU is not a contract. Even if the MOU dictated that Boeing would use Alcoa to provide the wingskins if they are built, the construction of the 60 additional aircraft is still speculative. Furthermore, even if Boeing stated that it would certainly build the additional aircraft, the injury to McCook would be speculative because the Air Force could buy all 60 planes.

All six Counts advanced in the Complaint require an injury. At this point, any injury to McCook is entirely speculative in nature. If Boeing contracts with Alcoa to build the aircraft, then McCook will be able to bring an action for injunctive relief and/or monetary damages. At that juncture, a court will have to analyze the merits of its claim. Since the production of these aircraft requires an extensive amount of time, Alcoa will have the ability to request injunctive relief. However, given the lack of a current non-speculative injury and our reluctance to interpose the Court into negotiations, we grant Alcoa's motion to dismiss and dismiss all six Counts.

## CONCLUSION

Alcoa's Fed.R.Civ.P. 12(B)(1) Motion to Dismiss is granted. McCook's complaint is dismissed. Alcoa's Fed.R.Civ.P. 12(B)(6) Motion to dismiss is denied as moot. This case is terminated.

_____
Wayne R. Andersen
Judge

Dated: March 12, 2001